## O'BRIEN et v CENTRAL UNITED NAT BK

Ohio Appeals, 8th Dist, Cuyahoga Co

No 14810.    Decided June 24, 1935

Mooney, Hahn, Loeser, Keough & Beam, Cleveland. for John N. O'Brien, Trustee.

Clyde S. White, Cleveland, Boyd, Brooks & Wickham, Cleveland, for other plaintiffs in error.

John P. Wilson, Cleveland, for defendant in error.

## OPINION

By MONTGOMERY, J.

The plaintiff in error, John H. O'Brien, is the sole remaining trustee under the will of David Shaw, deceased. The other plaintiffs in error are the legatees and devisees under said will. These plaintiffs in error were defendants in the Common Pleas Court. The original plaintiff in that court was The Guardian Trust Company, but during the pendency of this action in that court, the defendant in error, The Central United National Bank of Cleveland was substituted as plaintiff, and it is agreed that it succeeded to all the rights, duties and privileges in the premises theretofore held by The Guardian Trust Company.

The record shows that on or about July 2, 1923, The Guardian Trust Company, or its predecessor, as trustee of persons holding land trust certificates of equitable ownership in and to certain real estate, executed a long term lease upon said real estate to The Phoenix Mortgage Co., as lessee. Shortly after the execution of the lease. David Shaw loaned to The Phoenix Mortgage Co., $100,000.00, for which he took its promissory note secured by mortgage upon this leasehold estate. Shaw died in 1925. In November, 1928, the mortgage having become in default, an action in foreclosure was begun in Common Pleas Court of Cuyahoga County, and sale of the leasehold estate was had, the purchasers at said sale being O'Brien and his then associate trustee under the will of David Shaw. By the decree of foreclosure in that action, it was provided that "the purchasers at said sale shall take title to said leasehold estate and property, subject to all of the conditions contained in said lease from The Guardian Savings & Trust Company to The Phoenix Mortgage Company, all of which the said purchaser shall expressly assume and agree to observe, pay and perform."

The record further shows that the trustees of the estate of David Shaw occupied the leased premises, collected the revenue therefrom up to and including September

30, 1932, and paid the quarterly leasehold rental provided for under the original lease up until said date, at which time O'Brien as sole remaining trustee attempted to abandon said lease which abandonment the bank refused to accept.

The present action was instituted in the Common Pleas Court for the collection of quarterly rental under the original lease then due and to become due. After trial in that court judgment was rendered for defendant in error as successor to the original plaintiff, for the amount due at the time of the decree under and by virtue of the provisions of this lease, and from that judgment error is now prosecuted to this court.

The contention of O'Brien as trustee made in the lower court and in this court, was at the behest of the other plaintiffs in error, who also filed separate pleadings in the lower court and who now, by counsel, appear in this court. It is the claim of plaintiffs in error that the trustees under the will of David Shaw were without authority to bind said estate or its beneficiaries to comply with the obligations of this lease; that said trusteees did not in fact at the time of the purchase expressly assume and agree to pay said obligation. We see little merit in this contention. An express agreement need not be in writing. The purchasers took title subject to the conditions imposed in the decree, subject to the obligations of the leasehold estate, took possession of the real estate, collected the rents, paid the obligations for more than three years. All of these facts the beneficiaries under the will who now contest the matter, knew or should have known.

In our judgment neither they nor O'Brien are in any position to question the acts of the trustees at the time of the purchase of the leasehold and the assumption of the obligation. He and they, at that time, and for a long period thereafter, evidently considered that he was acting in the best interests of the trust estate; they cannot be permitted to approve such conduct when conditions were good and this investment seemed profitable, and to repudiate when conditions are changed and the investment seems unprofitable.

But, upon the main question, that of the authority of the trustee to make the purchase and obligate the estate to the conditions of this lease, we think a sufficient answer is found in the will of David Shaw, which is the basis of the authority for the trustee to act. Item 20 of that will recites in part as follows:

"I hereby authorize and empower my said trustee to sell, and convey, without the intervention of any court, by proper instruments of conveyance any and all real estate of which I may die seized, or any and all personal property which I may leave, and to reinvest the proceeds thereof and to change such investments, from time to time in such manner and form as they may deem for the best interests of my estate, hereby giving and granting unto my said trustee as full and complete power and authority to control, manage and deal with my estate as I now personally possess."

It follows that the judgment of the Common Pleas Court will be and the same is hereby affirmed. Exceptions may be noted.

LEMERT, PJ, and SHERICK, J, concur.